UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
GERRY GALIANO,                                    :
                                                  :
                        Plaintiff,                :        Case No. 08 Civ. 1317 (KMK)
                                                  :
            vs.                                    :
                                                  :
FIDELITY NATIONAL TITLE                           :
INSURANCE COMPANY, et al.,                        :
                                                  :
                        Defendants.               :
---------------------------------------------------------x

                                *- and -*

---------------------------------------------------------x
GARY KROMER, et al.,                              :
                                                  :
                        Plaintiffs,               :        Case No. 08 Civ. 1494 (KMK)
                                                  :
            vs.                                    :
                                                  :
FIDELITY NATIONAL TITLE                           :
INSURANCE COMPANY, et al.,                        :
                                                  :
                        Defendants.               :
---------------------------------------------------------x

                                *- and -*

---------------------------------------------------------x
SUSAN MORATTA,                                    :
                                                  :
                        Plaintiff,                :        Case No. 08 Civ. 1597 (KMK)
                                                  :
            vs.                                    :
                                                  :
FIDELITY NATIONAL TITLE                           :
INSURANCE COMPANY, et al.,                        :
                                                  :
                        Defendants.               :
---------------------------------------------------------x

**NOTICE OF FILING MOTION FOR TRANSFER OF ACTIONS
TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiffs, Gerry Galiano, Gary Kromer, Monique Kromer, Joseph Ammarati, Michelle

Ammarati, and Susan M. Marotta (collectively, "Plaintiffs"), in the following actions pending in

the United States District Court for the Southern District of New York: (1) *Galiano v. Fidelity*

*Nat'l Title Ins. Co., et al.*, 7:08-cv-1317 ("Galiano"); (2) *Kromer, et al. v. Fidelity Nat'l Title Ins.*

*Co., et al.*, 7:08-cv-1494 ("Kromer"); and (3) *Marotta v. Fidelity Nat'l Title Ins. Co., et al.*, 7:08-

cv-1597 ("Marotta") hereby give notice of their filing of a Motion For Transfer of Actions To

The Southern District of New York Pursuant To 28 U.S.C. § 1407 For Coordinated Or

Consolidated Pretrial Proceedings. A copy of the papers filed with the Judicial Panel on

Multidistrict Litigation is filed herewith.

Dated: March 17, 2008
      White Plains, New York

                            LOWEY DANNENBERG COHEN & HART, P.C.

                            By: _____

                                 Barbara Hart (BH - 3231)
                                 Peter D. St. Phillip, Jr. (PSP - 0726)
                                 Vincent Briganti (VB - 1497)
                        One North Broadway, Fifth Floor
                        White Plains, NY 10601-2310
                        Telephone:    (914) 997-0500
                        Telecopier:    (914) 997-0035
                        bhart@lowey.com

                        *Attorneys for Plaintiffs, Gerry Galiano, Gary Kromer,*
                        *Monique Kromer, Joseph Ammarati, Michelle*
                        *Ammarati, and Susan M. Marotta*

BERMAN DeVALERIO PEASE TABACCO
 BURT & PUCILLO
Joseph J. Tabacco, Jr.
Todd A. Seaver
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone:    (415) 433-3200
Telecopier:    (415) 433-6382

*Attorneys for Plaintiffs, Gary Kromer, Monique Kromer,
Joseph Ammarati, Michelle Ammarati, and Susan M.
Marotta*

**Lowey Dannenberg Cohen & Hart, P.C.**

**New York**
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

914-997-0500 Telephone
914-997-0035 Fax

www.lowey.com

**Pennsylvania**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428-2977

610-941-2760 Telephone
610-862-9777 Fax

March 17, 2008

**VIA FEDERAL EXPRESS**
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E. Room G-255, North Lobby
Washington, D.C. 20002-8004

> Re:  **MDL Docket No. _____ - In re: Title Insurance RESPA and Antitrust Litigation;**
> *Galiano v. Fidelity Nat'l Title Ins. Co., et al.*, 7:08-cv-1317 (S.D.N.Y.);
> *Kromer, et al. v. Fidelity Nat'l Title Ins. Co., et al.*, 7:08-cv-1494 (S.D.N.Y.); and
> *Marotta v. Fidelity Nat'l Title Ins. Co., et al.*, 7:08-cv-1597 (S.D.N.Y.)

Dear Clerk of the Panel:

We represent Plaintiffs, Gerry Galiano, Gary Kromer, Monique Kromer, Joseph Ammirati, Michelle Ammirati and Susan Marotta in connection with the above-referenced matters.

Pursuant to Rules 5.12 and 5.13 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, enclosed please find an original, four copies, and a computer readable disk of (1) Plaintiffs' Motion for Transfer of Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings; and (2) Memorandum of Law In Support of Plaintiffs' Motion for Transfer of Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings; and (3) Certificate of Service dated March 17, 2008, pursuant to JPML Rule 5.2(a).

We also enclose a courtesy copy of each complaint and docket sheet for each related case that is the subject of this motion.

Respectfully submitted,

*[signature]*

Peter D. St. Phillip, Esq.

Enclosures
cc: Counsel to all Parties

2027 / LTR / 00084236.WPD v1

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| In re  TITLE INSURANCE RESPA and ANTITRUST LITIGATION | : : : | MDL Docket No. _____ |

**MOTION OF PLAINTIFFS FOR TRANSFER OF ACTIONS TO THE**
**SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1407 FOR**
**COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiffs, Gerry Galiano, Gary Kromer, Monique Kromer, Joseph Ammarati, Michelle

Ammarati, and Susan M. Marotta, in the following actions pending in the United States District

Court for the Southern District of New York ("Southern District"): (1) *Galiano v. Fidelity Nat'l*

*Title Ins. Co., et al.*, 7:08-cv-1317 ("Galiano"); (2) *Kromer, et al. v. Fidelity Nat'l Title Ins. Co.,*

*et al.*, 7:08-cv-1494 ("Kromer"); and (3) *Marotta v. Fidelity Nat'l Title Ins. Co., et al.*, 7:08-cv-

1597 ("Marotta") respectfully move this Panel, pursuant to 28 U.S.C. § 1407, for coordinated or

consolidated pretrial proceedings on grounds that there are civil actions pending in multiple

districts involving several common questions of fact.

In support of the motion, Plaintiffs submit herewith their brief in support of the motion

and aver as follows:

    1.    Plaintiffs in Galiano, Kromer and Marotta are New York consumers of title

insurance. Plaintiffs in these actions have filed claims in the United States District Court for the

Southern District of New York alleging that several title insurance companies violated the

Sherman Act and the Real Estate Settlement Procedures Act of 1974 by paying undisclosed

kickbacks to title insurance agents and collectively setting premium rates for title insurance based

on these illicit payments.

2.      The *Galiano* action was the first filed case involving these allegations in the

Southern District and was assigned to the Honorable Kenneth M. Karas. Several pending actions

in the Southern District have been designated or deemed "related" to the *Galiano* action and have

been transferred to Judge Karas.[1]

3.      Several actions alleging common facts have been filed in other Districts against

many of the same defendants. These include ten cases filed in the United States District Court

for the Eastern District of New York[2], two cases filed in the United States District Court for the

Northern District of California[3], two cases filed in the United States District Court for the

---

[1]      These cases include *Trulli v. Fidelity Nat'l Title Ins. Co., et al.*, 1:08-cv-1729;
*Rovelo v. Fidelity Nat'l Title Ins. Co., et al.*, 1:08-cv-1830; and *Suarez v. Fidelity Nat'l Title Ins.
Co., et al.*, 1:08-cv-1955.

[2]      *Dolan, et al. v. Fidelity Nat'l Title Ins. Co., et al.*, 2:08-cv-0466; *MBSF Alabama
LLC v. Fidelity Nat'l Title Ins. Co.*, 2:08-cv-0526; *Ragusa, et al. v. Fidelity Nat'l Title Ins. Co.*,
2:08-cv-0640; *Cook v. Fidelity Nat'l Title Ins. Co.*, 2:08-cv-0731; *Brown, et al. v. Fidelity Nat'l
Title Ins. Co.*, 2:08-cv-0744; *Wintner v. Fidelity Nat'l Title Ins. Co.*, 2:08-cv-0764; *Tuttnauer
USA Co., Ltd. v. Fidelity Nat'l Title Ins. Co.*, 2:08-cv-0817; *Fisher v. Title Insurance Rate
Service Association, Inc., et al.*, 2:08-cv-1004; *Cappellan v. Fidelity Nat'l Title Ins. Co., et al.*,
2:08-cv-1029; *Gonzalez v. Fidelity Nat'l Title Ins. Co., et al.*, 2:08-cv-1030. The majority of
these cases have been assigned to Senior District Judge Thomas C. Platt.

[3]      *Gentilcore v. Fidelity Nat'l Title Ins. Co., et al.*, 3:08-cv-01374-MMC; *Burton v.
Fidelity Nat'l Title Ins. Co., et al.*, 3:08-cv-01341-EDL.

Western District of Washington[4], two cases filed in the United States District Court for the

Eastern District of Pennsylvania[5] and one case filed in the District of Massachusetts.[6]

3.      The common facts alleged in these actions include:

     (a)      the nature of "agency commissions" paid by title insurers to title agents and their relationship to actual services performed;

     (b)      the coordinated rate setting process of the Defendants;

     (c)      the absence of regulatory oversight involving Defendants' collective rate-setting activities; and

     (d)      the average claim-to-premium ratio for the title insurance written by the Defendants is significantly lower than other forms of insurance.

4.      Coordination is proper in the Southern District of New York because the vast

majority of the cases allege that Defendants' price fixing behavior was accomplished through the

Title Insurance Rate Service Association, a voluntary association of title insurers founded by the

New York title insurer Stewart Title Insurance Company which maintains its office in New York

City. Further, the investigation and hearings conducted by the New York Superintendent of

Insurance in the Southern District provided the catalyst for the allegations of illegal kickbacks

and improper rate setting. It was only after the New York hearings and cases were commenced

that Plaintiffs resident in other states concluded that the New York conduct may have harmed

them in similar fashion.

---

     [4]      *Lubic v. Fidelity Nat'l Title Ins. Co., et al.*, 2:08-cv-00401-MJP; *Sorenson v. Fidelity Nat'l Title Ins. Co., et al.*, 2:08-cv-00412-RAJ.

     [5]      *Holt v. Fidelity Nat'l Title Ins. Co., et al.*, 2:08-cv-01202-NS; *Waterman v. Fidelity Nat'l Title Ins. Co., et al.*, 2:08-cv-01263-NS.

     [6]      *Gougeon v. Fidelity Nat'l Title Ins. Co., et al.*, 1:08-cv-10402-LTS.

5.    For the foregoing reasons, Plaintiffs respectfully move this Panel for pretrial

coordination or consolidation of these actions before the Honorable Kenneth M. Karas of the

United States District Court for the Southern District of New York.


Dated: March 17, 2008
       White Plains, New York

                              LOWEY DANNENBERG COHEN & HART, P.C.


                              By: _____
                                   Barbara Hart
                                   Peter D. St. Phillip, Jr.
                                   Vincent Briganti
                              One North Broadway, Fifth Floor
                              White Plains, NY 10601-2310
                              Telephone:    (914) 997-0500
                              Telecopier:   (914) 997-0035
                              E-mail: pstphillip@lowey.com

                              *Attorneys for Plaintiffs, Gerry Galiano, Gary Kromer,*
                              *Monique Kromer, Joseph Ammarati, Michelle*
                              *Ammarati, and Susan M. Marotta*

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re TITLE INSURANCE RESPA and ANTITRUST LITIGATION | : : : | MDL Docket No. _____ |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Plaintiffs, Gerry Galiano, Gary Kromer, Monique Kromer, Joseph Ammarati, Michelle Ammarati, and Susan M. Marotta (collectively, "Plaintiffs"), in the following actions pending in the United States District Court for the Southern District of New York: (1) *Galiano v. Fidelity Nat'l Title Ins. Co., et al.,* 7:08-cv-1317 ("Galiano"); (2) *Kromer, et al. v. Fidelity Nat'l Title Ins. Co., et al.,* 7:08-cv-1494 ("Kromer"); and (3) *Marotta v. Fidelity Nat'l Title Ins. Co., et al.,* 7:08-cv-1597 ("Marotta") respectfully submit this memorandum of law in support of their motion for transfer to the Southern District of New York, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings on grounds that there are civil actions pending in multiple districts involving several common questions of fact.

## PRELIMINARY STATEMENT

Plaintiffs are New York consumers of title insurance. Plaintiffs in these actions have filed claims in the United States District Court for the Southern District of New York alleging that defendants Fidelity National Financial, Inc., First American Corporation, LandAmerica Financial Group, Inc., and Stewart Information Service Corporation via their respective family of title insurance companies and affiliates (collectively, "Defendants") violated the Sherman Act and the Real Estate Settlement Procedures Act of 1974 ("RESPA") by paying undisclosed, illegal

kickbacks to title insurance agents and others, and collectively setting premium rates for title insurance at supracompetitive levels based on these illicit payments.

Several actions alleging common facts have been filed in the Southern District of New York[1] and other Districts against Defendants. These include ten cases filed in the United States District Court for the Eastern District of New York, two cases filed in the United States District Court for the Northern District of California, two cases filed in the United States District Court for the Western District of Washington, two cases filed in the United States District Court for the Eastern District of Pennsylvania, and one case filed in the District of Massachusetts.[2]

The Southern District of New York is the most appropriate forum for transfer and coordinated or consolidated pretrial proceedings because it has the most significant nexus to the litigation among the Districts where related actions are pending and will be the most significant location of key documents, witnesses and common events relevant to the litigation. Indeed, the vast majority of the cases allege that Defendants' price fixing behavior was accomplished and/or coordinated via their membership in the Title Insurance Rate Service Association ("TIRSA"), a voluntary association of title insurers founded by the New York title insurer Stewart Title Insurance Company, which maintains its office within the Southern District of New York at 370 Lexington Avenue, New York, New York. TIRSA compiled and submitted title insurance rates from its New York City offices located in this District. Furthermore, the investigation and hearings conducted by the New York Superintendent of Insurance in the Southern District of

---

[1]    The *Galiano* action was the first filed case involving these allegations in the Southern District of New York and was assigned to the Honorable Kenneth M. Karas. Several pending actions in the Southern District have been designated or deemed "related" to the *Galiano* action and have been transferred to Judge Karas. These cases include *Trulli v. Fidelity Nat'l Title Ins. Co., et al.*, 1:08-cv-1729; *Rovelo v. Fidelity Nat'l Title Ins. Co., et al.*, 1:08-cv-1830; and *Suarez v. Fidelity Nat'l Title Ins. Co., et al.*, 1:08-cv-1955.

[2]    A list of all known pending related actions is attached hereto as Exhibit A.

New York as well as the investigation by the New York Attorney General's Office provided the

catalyst for the allegations of illegal kickbacks and improper rate setting. It was only after the

New York hearings, investigation, and cases were commenced that Plaintiffs resident in other

states concluded that the New York conduct may have harmed them in similar fashion. Hence,

all related actions can be expected to focus on a significant number of common events,

witnesses, and documents which are uniquely situated within the Southern District of New York.

Centralization of the related actions in the Southern District of New York is also

warranted because this District is more geographically convenient or at least as convenient as any

other District in which related actions are pending. Each of the principal Defendants maintains

either its main New York or its main Southern New York office in this District, and in the case of

defendant United General Title Insurance Company ("United General"), it maintains its sole New

York offices at One Water Street, White Plains, New York. In addition, Defendant Stewart Title

Insurance Company, the founder of TIRSA, maintains its principal place of business in the

Southern District in New York City.

Based on the foregoing, Plaintiffs respectfully request that the related actions, and any

"tag-along actions," be transferred to the Southern District of New York pursuant to 28 U.S.C. §

1407.

### FACTUAL BACKGROUND

Plaintiffs allege that Defendants engaged in an illegal price-fixing agreement to

collectively set the rates that New York consumers pay for title insurance and failed to disclosed

fee splitting and kickbacks prohibited by RESPA. Since 1991, Plaintiffs claim that Defendants

have conspired to hide unlawful kickback arrangements from the New York Department of

Insurance and borrowers in an effort to artificially inflate the amounts New Yorkers pay for title insurance.

Title insurance rates may be collectively set by a rate setting organization comprised of the state's title insurers. Defendants (along with other title insurers) formed TIRSA in 1991. TIRSA collects from Defendants and its other title insurer members financial information and submits this information in aggregate form along with its rates to the New York Insurance Department ("Insurance Department"). Under this system, Plaintiffs claim that Defendants have charged their collectively fixed rates to New York consumers since TIRSA was founded.

Plaintiffs further claim that Defendants have made it impossible for the Insurance Department to regulate the rates being imposed because the rates are principally based on costs over which the Insurance Department has neither the regulatory authority nor the ability to assess. These costs are referred to as "agency commissions" in the industry. These costs mainly cover kickbacks and other costs paid in violation of N.Y. Ins. Law § 6409(d) that are unrelated to the issuance of title insurance. Plaintiffs claim that Defendants hid the true nature of these agency commissions from the Insurance Department in an effort to inflate their overall revenues.

Through this anticompetitive behavior, Defendants have successfully fixed and maintained their title insurance rates in New York at artificially high and supracompetitive levels. These rates – which often are several thousand dollars – bear no relationship to the actual costs of indemnity risk.

With respect to title insurance secured in connection with federally related mortgage loans, the undisclosed kickbacks and fees Plaintiffs claim that Defendants paid to and split with title agents in the form of agent commissions that were not for services actually performed are illegal under RESPA.

4

## ARGUMENT

Section 1407 of Title 28 of the United States Code authorizes this Panel to transfer civil actions pending in more than one district for coordinated or consolidated pretrial proceedings upon determination that transfer "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." *Manual for Complex Litigation,* § 31.13 at 251 (3d ed.1995).

The Southern District of New York is the most appropriate transferee forum because it has the most significant nexus to the litigation among the districts where related actions are pending, will be the most significant location of material documents, defendants, witnesses and common events relevant to the litigation, and is more convenient or at least as convenient as any other district in which related actions are pending. Based on the foregoing, the Southern District of New York is the most appropriate forum for transfer and coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.

## I.    COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS IS NECESSARY

### A.    The Related Actions Involve Common Questions of Fact and Law

The Panel has consistently found that where each of the related actions arises from a common set of factual and legal allegations, as here, transfer and coordinated or consolidated proceedings pursuant to 28 U.S.C. § 1407 is appropriate and necessary to promote the just and efficient conduct of related actions. *See, e.g., In re Microcrystalline Cellulose Antitrust Litig.,*149 F. Supp. 2d 935 (J.P.M.L. 2001) (centralization appropriate because "all actions involve allegations that the defendants conspired to eliminate competition and maintain market control for microcrystalline cellulose in violation of Section 1 of the Sherman Act").

The fact that certain of the related actions assert different state or federal claims does not defeat the appropriateness of transfer and centralization under Section 1407. *See, e.g., In re: Chiquita Brands Int'l, Inc. Alien Tort Statute and Shareholders Derivative Litig.*, 2008 WL 495846 (J.P.M.L. Feb. 20, 2008), at *1 (unique issues of causation and damages among actions did not bar transfer because "Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to transfer"); *In re Tyson Foods, Inc., Fair Labor Standards Act Litigation*, 502 F. Supp. 2d 1358, 1360 (J.P.M.L. 2007); *In re Delphi Corp. Securities, Derivative and "Erisa" Litigation*, 403 F. Supp. 2d 1358, 1359 (J.P.M.L. 2005) ("Whether the actions are brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Delphi, or participants in retirement savings plans suing for violations of ERISA, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."); *In re Buspirone Patent Litigation*, 176 F. Supp. 2d 1374, 1375 (J.P.M.L. 2001) (centralizing numerous actions alleging patent and antitrust claims under Section 1407 notwithstanding the existence of "some questions of fact which apply uniquely to the patent claims or the antitrust claims").

The crux of each of the related actions centers on Defendants' alleged concerted efforts to (I) collectively set the rates consumers pay for title insurance at artificially high and supra-competitive levels; (ii) include illegal payoffs, kickbacks, and other charges that are unrelated to the issuance of title insurance in their calculated agency commission costs; and (iii) hide these supposed "costs" from regulatory scrutiny and their customers by funneling them to and through

title agents over which insurance regulators have no ability or authority to regulate. More specifically, the complaints all raise the following common questions of law and fact:

a.    Whether Defendants failed to disclose payments split with title agents in violation of RESPA;

b.    Whether Defendants have agreed and engaged in any alleged illegal price-fixing activity;

c.    The duration, extent and success of the alleged illegal price-fixing activity;

d.    Whether Defendants' alleged illegal price-fixing activity has caused consumers to pay for title insurance at artificially high and supra-competitive levels;

e.    Whether Defendants actively concealed the alleged illegal price-fixing activity from insurance regulators, Plaintiffs and other class members;

f.    The nature of "agency commissions" paid by title insurers to title agents and their relationship to actual services performed;

g.    The coordinated rate setting process of the Defendants;

h.    The absence of regulatory oversight involving Defendants' collective rate-setting activities;

i.    The average claim-to-premium ratio for the title insurance written by the Defendants is significantly lower than other forms of insurance;

j.    Whether insurance regulators exercised, and had the ability to exercise, adequate controls over the industry's cost estimate; and

k.    The appropriate measure of damages sustained by Plaintiffs and other class members.

Accordingly, transfer and coordinated or consolidated proceedings pursuant to 28 U.S.C. § 1407 is eminently appropriate.

## II.    THE SOUTHERN DISTRICT OF NEW YORK IS THE MOST APPROPRIATE FORUM FOR COORDINATED PRETRIAL PROCEEDINGS IN THE RELATED ACTIONS

When considering the propriety of centralization under Section 1407, "the Panel must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in light of the purposes of the law." *In re Plumbing Fixtures Cases*, 302 F. Supp. 795, 796 (J.P.M.L. 1977). "No single factor determines which district is selected as the one to which the actions will be transferred." *Manual for Complex Litigation*, § 31.131 at 253. Upon consideration of the relevant factors, the Southern District of New York appears to be the most appropriate forum for coordinated or consolidated proceedings of the related actions.

### A.    The Southern District of New York Has the Most Significant Nexus to the Litigation and Will Be the Most Substantial Source of Material Documents, Witnesses and Common Events

The Southern District of New York has the most significant nexus to the litigation and will be the most substantial source of material documents, witnesses, and common events subject to discovery in this litigation.

The vast majority of the related Complaints allege that Defendants' illegal price-fixing behavior was accomplished and/or coordinated via their membership in TIRSA which maintains its office within the Southern District of New York. *See, e.g., Gentilcore Complaint* at ¶¶ 39-41, 65 (N.D. Cal.); *Fisher Complaint* at ¶¶ 10-11 (E.D.N.Y); *Sorenson Complaint* at ¶¶ 35-37 (W.D. Wa.).

Through TIRSA, Defendants have set up a rate-setting scheme to circumvent the rigors of state oversight required by the United States Supreme Court decision in *FTC v. Ticor Title Ins.*

*Co.*, 504 U.S. 621 (1992).[3] They have done so by computing a single rate that includes both risk and agency commission costs and by outsourcing agency commission costs to title agents. As a result, Defendants are able to avoid providing regulators with any justification for the costs that make up their collectively fixed rates. Plaintiffs allege that TIRSA submits an aggregate figure that is supposed to represent the total agency commission costs. *See, e.g., Galiano Complaint* at ¶ 32. Embedded within this figure is the large quantity of dollars that are funneled to and through the title agencies as kickbacks, financial inducements and other costs unrelated to the issuance of title insurance. *Id.* Defendants' effectively "hide" the cost basis for their artificially high and collectively fixed title insurance premiums from the regulatory scrutiny that *Ticor* demands. *Id.* TIRSA compiled and submitted title insurance rates which allegedly included kickbacks and other unlawful remuneration from its New York City offices located in this District. *Id.*

In addition, the investigation and hearings conducted by the New York Superintendent of Insurance in the Southern District of New York as well as the investigation by the New York Attorney General's Office provided the catalyst for the allegations of illegal kickbacks and improper rate setting. *See, e.g., Gentilcore Complaint* at ¶¶ 77, 82-83 (N.D. Cal.); *Suarez* Complaint at ¶¶ 45, 53-54 (E.D.N.Y); *Lubic Complaint* at ¶¶ 72, 74, 77-78 (W.D. Wa.). It was only after the New York hearings, investigation, and cases were commenced that Plaintiffs resident in other states concluded that the New York conduct may have harmed them in similar fashion. *See, e.g., Gentilcore Complaint* at ¶¶ 91-92 (N.D. Cal.); *Lubic* Complaint at ¶¶ 81-82 (W.D. Wa.); *Sorenson Complaint* at ¶¶ 87-89 (W.D. Wa.). Hence, all related actions can be

---

[3]      In *Ticor*, the Supreme Court concluded that to avoid illegal price-fixing liability, the state insurance department has to "exercise[] sufficient independent judgment and control so that the details of the rates or prices have been established as a product of deliberate state intervention, not simply by agreement among private parties." *Ticor*, 504 U.S. at 634-35.

expected to focus on a significant number of common events, defendants, witnesses, and documents which are uniquely situated within the Southern District of New York. This fact alone supports transfer of the related actions to the Southern District of New York for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *See, e.g., In re ConAgra Peanut Butter Prod. Litig.*, 495 F. Supp. 2d 1381, 1382 (J.P.M.L. 2007) (district in which governmental agency that investigated wrongdoing was located and where relevant documents and witnesses are likely to be found deemed most appropriate for transfer and coordinated proceedings); *In re Foundry Resins Antitrust Litigation*, 342 F. Supp. 2d 1346, 1347 (J.P.M.L. 2004) (transferee forum most appropriate because it was likely that relevant documents and witnesses would be found there inasmuch as two of the defendants maintained headquarters there and there was a governmental investigation in the district); *In re Medical Waste Services Antitrust Litig.*, 277 F. Supp. 2d 1382, 1383 (J.P.M.L. 2003) (transfer of related actions to district where attorney general investigated the alleged antitrust conduct at issue and where primary facility at issue in each of the related actions was located).

**B.    The Southern District of New York Is Geographically Convenient**

The Southern District of New York is more convenient or at least as geographically convenient as any other district in which related actions are pending for virtually all principal counsel and Defendants. Each of the principal Defendants either maintains its primary New York or its primary Southern New York office in this District. Defendant United General Title Insurance Company, maintains its sole New York offices at One Water Street, White Plains, New York. In addition, defendant Stewart Title Insurance Company, the founder of TIRSA, maintains its principal place of business in the Southern District in New York City. The Southern District of New York is also geographically convenient to the headquarters of three of the four principal

10

defendants: Fidelity National (Jacksonville, Florida), LandAmerica Financial (Glen Allen, Virginia), and Stewart Information Services (Houston, Texas).[4] Thus, the Southern District of New York is a readily accessible forum for parties and witnesses. *See, e.g., In re Federal Home Loan Mort. Corp. Secs. & Derivative Litig.*, 303 F. Supp. 2d 1379, 1380 (J.P.M.L. 2004) (Southern District of New York readily accessible for parties and witnesses); *In re Air Crash at Belle Harbor, N.Y.*, 203 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) (Southern District of New York deemed an accessible forum for participants in coordinated or consolidated pretrial proceedings consisting of 33 actions pending in four federal districts); *In re Rhodia S.A., Sec. Litig.*, 398 F. Supp. 2d 1359, 1360 (J.P.M.L. 2005)(Southern District of New York provides an accessible, metropolitan location).

## <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiffs respectfully requests that the Panel grant their motion and enter an order coordinating and consolidating all related actions, along with any appropriate "tag-along" actions and transferring them to the Southern District of New York for coordinated pretrial proceedings in accordance with 28 U.S.C. § 1407.

Dated: March 17, 2008
      White Plains, New York

---

[4]    It is only with respect to Defendant First American Corporation, which maintains its headquarters in Santa Ana, California, that the Southern District of New York may be somewhat less convenient.

LOWEY DANNENBERG COHEN & HART, P.C.

By: _____

Barbara Hart, Esq. (BH - 3231)
Peter D. St. Phillip, Jr., Esq. (PSP - 0726)
Vincent Briganti, Esq. (VB - 1497)
One North Broadway, Fifth Floor
White Plains, NY  10601-2310
Telephone:     (914) 997-0500
Telecopier:     (914) 997-0035
bhart@lowey.com

*Attorneys for Plaintiffs, Gerry Galiano, Gary Kromer,*
*Monique Kromer, Joseph Ammarati, Michelle*
*Ammarati, and Susan M. Marotta*


BERMAN DeVALERIO PEASE TABACCO
 BURT & PUCILLO
Joseph J. Tabacco, Jr.
Todd A. Seaver
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone:     (415) 433-3200
Telecopier:     (415) 433-6382

*Attorneys for Plaintiffs, Gary Kromer, Monique Kromer,*
*Joseph Ammarati, Michelle Ammarati, and Susan M.*
*Marotta*

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**MDL - IN RE TITLE INSURANCE RESPA AND ANTITRUST LITIGATION**

**SCHEDULE OF ACTIONS**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiff: Susan M. Marotta<br><br>Defendants: Fidelity National Title Insurance Co., Chicago Title Insurance Co., Ticor Title Insurance Co., Fidelity National Finance, Inc., First American Title Insurance Co. of New York, United General Title Insurance Co., First American Corp., Commonwealth Land Title Insurance Co., Lawyers Title Insurance Corp., LandAmerica Financial Group, Inc., Stewart Title Insurance Co., Monroe Title Insurance Corp., Stewart Information Service Corp., and Title Insurance Rate Service Association, Inc. | S.D.N.Y. | 7:08-cv-1597 | Judge Kenneth M. Karas |
| Plaintiffs: Gary Kromer, Monique Kromer, Joseph Ammirati, Michelle Ammirati<br><br>Defendants: Fidelity National Title Insurance Co., Chicago Title Insurance Co., Ticor Title Insurance Co., Fidelity National Finance, Inc., First American Title Insurance Co. of New York, United General Title Insurance Co., First American Corp., Commonwealth Land Title Insurance Co., Lawyers Title Insurance Corp., LandAmerica Financial Group, Inc., Stewart Title Insurance Co., Monroe Title Insurance Corp., Stewart Information Service Corp., and Title Insurance Rate Service Association, Inc. | S.D.N.Y. | 7:08-cv-1494 | Judge Kenneth M. Karas |

2123 / CHT / 00087563.WPD v1

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiffs: Gerry Galiano<br><br>Defendants: Fidelity National Title Insurance Co., Chicago Title Insurance Co., Ticor Title Insurance Co., Fidelity National Finance, Inc., First American Title Insurance Co. of New York, United General Title Insurance Co., First American Corp., Commonwealth Land Title Insurance Co., Lawyers Title Insurance Corp., LandAmerica Financial Group, Inc., Stewart Title Insurance Co., Monroe Title Insurance Corp., Stewart Information Service Corp., and Title Insurance Rate Service Association, Inc. | S.D.N.Y. | 7:08-cv-1317 | Judge Kenneth M.Karas |
| Plaintiffs: Barbara B. Holt<br><br>Defendants: Fidelity National Title Insurance Co., Chicago Title Insurance Co., Ticor Title Insurance Co., Ticor Title Insurance Company of Florida, Fidelity National Financial, Inc., First American Title Insurance Co., United General Title Insurance Co., Censtar Title Insurance Company, T.A. Title Insurance Company, First American Corporation, Commonwealth Land Title Insurance Co., Commonwealth Land Title Insurance Co. of New Jersey, Lawyers Title Insurance Corp., Transnation Title Insurance Company, LandAmerica Financial Group, Inc., Stewart Title Guaranty Company, National Land Title Insurance Company, Stewart Information Services Corporation, Old Republic National Title Insurance Company, American Guaranty Title Insurance Company, Old Republic International Corporation, and Title Insurance Rating Bureau of Pennsylvania | E.D. Pa. | 2:08-cv-01202 | Judge Norma L. Shapiro |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiffs: Sean L. Suarez<br><br>Defendants: Fidelity National Title Insurance Co., Chicago Title Insurance Co., Ticor Title Insurance Co., Fidelity National Finance, Inc., First American Title Insurance Co. of New York, United General Title Insurance Co., First American Corporation., Commonwealth Land Title Insurance Co., Lawyers Title Insurance Corp., LandAmerica Financial Group, Inc., Stewart Title Insurance Co., Monroe Title Insurance Corp., Stewart Information Services Corporation, and Title Insurance Rate Service Association, Inc. | S.D.N.Y. | 08 CV 1955 | Unassigned but referred to Judge Kenneth M. Karas |
| Plaintiffs: Peter Miley<br><br>Defendants: Fidelity National Title Insurance Co., Chicago Title Insurance Co., Ticor Title Insurance Co., Fidelity National Finance, Inc., First American Title Insurance Co. of New York, United General Title Insurance Co., First American Corp., Commonwealth Land Title Insurance Co., Lawyers Title Insurance Corp., LandAmerica Financial Group, Inc., Stewart Title Insurance Co., Monroe Title Insurance Corp., Stewart Information Service Corp., and Title Insurance Rate Service Association, Inc. | S.D.N.Y. | 1:08-cv-1547 | |
| Plaintiffs: Vincent Trulli<br><br>Defendants: Fidelity National Title Insurance Co., Chicago Title Insurance Co., Ticor Title Insurance Co., Fidelity National Finance, Inc., First American Title Insurance Co. of New York, United General Title Insurance Co., First American Corp., Commonwealth Land Title Insurance Co., Lawyers Title Insurance Corp., LandAmerica Financial Group, Inc., Stewart Title Insurance Co., Monroe Title Insurance Corp., Stewart Information Service Corp., and Title Insurance Rate Service Association, Inc. | S.D.N.Y. | 1:08-cv-1729 | |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiff: Joseph Ragusa, Kristen Ragusa<br><br>Defendants: Fidelity National Title Insurance Company, Chicago Title Insurance Company, Ticor Title Insurance Company, Fidelity National Finance, Inc., First American Title Insurance Company of New York, United General Title Insurance Company, First American Corporation, Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Landamerica Financial Group, Inc., Stewart Title Guaranty Company, Monroe Title Insurance Corporation, Stewart Information Services Corporation, Title Insurance Rate Service Association, Inc. | E.D.N.Y. | 2:08-cv-640 | Magistrate William D. Wall<br><br>Senior Judge Thomas C. Platt |
| Plaintiffs: Michael Martinucci<br><br>Defendants: Fidelity National Title Insurance Company, Chicago Title Insurance Company, Ticor Title Insurance Company, Fidelity National Finance, Inc., First American Title Insurance Company of New York, United General Title Insurance Company, First American Corp., Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Landamerica Financial Group, Inc., Stewart Title Insurance Company, Monroe Title Insurance Corp., Stewart Information Services Corp., Title Insurance Rate Service Association, Inc. | S.D.N.Y. | 1:08-cv-1644 | Judge Thomas P. Griesa |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiff: Marshall Cook<br><br>Defendants: Fidelity National Title Insurance Company, Chicago Title Insurance Company, Ticor Title Insurance Company, Fidelity National Finance, Inc., First American Title Insurance Company of New York, United General Title Insurance Company, First American Corporation, Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Landamerica Financial Group, Inc., Stewart Title Insurance Company, Monroe Title Insurance Corporation, Stewart Information Services, Title Insurance Rate Service Association, Inc. | E.D.N.Y. | 2:08-cv-731 | Magistrate William D. Wall<br><br>Senior Judge Thomas C. Platt |
| Plaintiffs: Douglas Brown, Rebecca Brown<br><br>Defendants: Fidelity National Title Insurance Company, Lawyers Title Insurance Corporation, Chicago Title Insurance Company, Ticor Title Insurance Company, Fidelity National Finance, Inc., First American Title Insurance Company of New York, United General Title Insurance Company, First American Corporation, Commonwealth Land Title Insurance Company,, Landamerica Financial Group, Inc., Stewart Title Insurance Company, Monroe Title Insurance Corporation, Stewart Information Services, Title Insurance Rate Service Association, Inc. | E.D.N.Y. | 2:08-cv-744 | Magistrate William D. Wall<br><br>Senior Judge Thomas C. Platt |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiffs: Leyden Rosa Rovelo<br><br>Defendants: Fidelity National Title Insurance Company, Chicago Title Insurance Company, Ticor Title Insurance Company, Fidelity National Finance, Inc., First American Title Insurance Company of New York, United General Title Insurance Company, First American Corporation, Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, LandAmerica Financial Group, Inc., Stewart Title Insurance Company, Monroe Title Insurance Corporation, Stewart Information Service Corporation, Insurance Rate Service Association, Title Insurance Rate Service Association, Inc. | S.D.N.Y. | 1:08-cv-1830 | Judge Robert W. Sweet |
| Plaintiffs: Alex Wintner<br><br>Defendants: Chicago Title Insurance, Commonwealth Land Title Insurance Company, Fidelity National Finance, Inc., Fidelity National Title Insurance Company, First American Corporation, First American Title Insurance Company of New York, Landamerica Financial Group, Inc., Lawyers Title Insurance Corporation, Monroe Title Insurance Corporation, Stewart Title Insurance Company, Stewart Information Services Corporation, Ticor Title Insurance Company, Title Insurance Rate Service Association, Inc. | E.D.N.Y. | 2:08-cv-764 | Magistrate William D. Wall<br><br>Senior Judge Thomas C. Platt |
| Plaintiffs: Tuttnauer USA Co., Ltd.<br><br>Defendants: Fidelity National Title Insurance Company, Chicago Title Insurance Co., Ticor Title Insurance Co., Fidelity National Finance, Inc., First American Title Insurance Company of New York, United General Title Insurance Co., First American Corp., Commonwealth Land Title Insurance Co., Lawyers Title Insurance Corp., Landamerica Financial Group, Inc., Stewart Title Insurance Co., Monroe Title Insurance Corp., Stewart Information Services Corp., Title Insurance Rate Service Association, Inc. | E.D.N.Y. | 2:08-cv-817 | Magistrate William D. Wall<br><br>Judge Joseph F. Bianco |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiffs: Brendan Dolan, Brian McHale, Jonathan Rapaport, Thomas Perry<br><br>Defendants: Fidelity National Title Insurance Company, Chicago Title Insurance Company, Ticor Title Insurance Company, Fidelity National Finance, Inc., First American Title Insurance Company of New York, United General Title Insurance Company, First American Corporation, Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corp., Landamerica Financial Group, Inc., Stewart Title Insurance Company, Monroe Title Insurance Company., Stewart Information Services Corporation, Title Insurance Rate Service Association, Inc. | E.D.N.Y. | 2:08-cv-466 | Magistrate William D. Wall<br><br>Senior Judge Thomas C. Platt |
| Plaintiffs:  MBSF Alabama LLC<br><br>Defendants: Fidelity National Title Insurance Company, Chicago Title Insurance Company, Ticor Title Insurance Company, Fidelity National Finance, Inc., First American Title Insurance Company of New York, United General Title Insurance Co., First American Corporation, Commonwealth Land Title Insurance Co., Lawyers Title Insurance Corp., Landamerica Financial Group, Inc., Stewart Title Insurance Co., Monroe Title Insurance Corp., Stewart Information Services Corp., Title Insurance Rate Service Association, Inc. | E.D.N.Y. | 2:08-cv-528 | Magistrate William D. Wall<br><br>Senior Judge Thomas C. Platt |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiff: Lawrence Fisher<br><br>Defendants: Title Insurance Rate Service Association, Inc., Stewart Information Services Corporation, Stewart Title Insurance Company, Monroe Title Insurance Corporation, Fidelity National Financial, Inc., Fidelity National Title Group, Inc., Chicago Title and Trust Company, Fidelity National Title Insurance Company, Chicago Title Insurance Company, Ticor Title Insurance Company, First American Corporation, First American Title Insurance Company of New York, United General Title Insurance Company, Landamerica Financial Group, Inc., Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation | E.D.N.Y. | 2:08-cv-01004 | Magistrate William D. Wall<br><br>Senior Judge Thomas C. Platt |
| Plaintiff: Timothy Lubic<br><br>Defendants: Fidelity National Financial Inc., Fidelity National Title Insurance Company, Ticor Title Insurance Company, Chicago Title Insurance Company, First American Corporation, First American Title Insurance Company, Pacific Northwest Title Insurance Company, Inc., Landamerica Financial Group Inc, Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Transnation Title Insurance Company, Stewart Title Guarantee Company | W.D. Wa. | 2:08-cv-00401 | Judge Marsha J. Pechman |
| Plaintiff: Dawn T. Sorensen<br><br>Defendants: Fidelity National Financial Inc., Fidelity National Title Insurance Company, Ticor Title Insurance Company, Chicago Title Insurance Company, First American Title Insurance Company, Pacific Northwest Title Insurance Company Inc., Landamerica Financial Group Inc., Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Transnation Title Insurance Company, Stewart Title Guarantee Company | W.D. Wa. | 2:08-cv-00412 | Judge Richard A. Jones |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiff: Rigoberto Capellan<br><br>Defendants: Fidelity National Title Insurance Company, Chicago Title Insurance Company, Ticor Title Insurance Company, Fidelity National Finance, Inc., First American Title Insurance Company of New York, United General Title Insurance Company, First American Corporation, Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Landamerica Financial Group, Inc., Stewart Title Insurance Co., Monroe Title Insurance Corporation, Stewart Information Services Corporation, Title Insurance Rate Service Association, Inc. | E.D.N.Y. | 2:08-cv-01029 | Magistrate William D. Wall<br><br>Senior Judge Thomas C. Platt |
| Plaintiff: Valerio Gonzalez, Maria Elena Ochoa, Lenny Gonzalez<br><br>Defendants: Fidelity National Title Insurance Company, Chicago Title Insurance Company, Ticor Title Insurance Company, Fidelity National Finance Inc., First American Title Insurance Company of New York, United General Title Insurance Company, First American Corporation, Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Landamerica Financial Group, Inc., Stewart Title Insurance Company, Monroe Title Insurance Corporation, Stewart Information Services. | E.D.N.Y. | 2:08-cv-01030 | Magistrate William D. Wall<br><br>Senior Judge Thomas C. Platt |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiff: Marc Waterman<br><br>Defendants: Fidelity National Title Insurance Company, Chicago Title Insurance Company, Ticor Title Insurance Company, Ticor Title Insurance Company of Florida, Fidelity National Financial, Inc., First American Title Insurance Company, United General Title Insurance Company, Censtar Title Insurance Company, T.A. Title Insurance Company First American Corporation, Commonwealth Land Title Insurance Company, Commonwealth Land Title Insurance Company, Commonwealth Land Title Insurance Company of New Jersey, Lawyer Title Insurance Corporation, Transnation Title Insurance Company, Landamerica Financial Group, Inc., Stewart Title Guaranty Company, National Land Title Insurance Company, Stewart Information Services Corporation, Old Republic National Title Insurance Company, American Guaranty Title Insurance Company, Old Republic International Corporation, Title Insurance Rating Bureau of Pennsylvania | E.D. Pa. | 2:08-cv-01263 | Judge Norma L. Shapiro |
| Plaintiff: Lynn Barton<br><br>Defendants: Fidelity National Financial, Inc., Fidelity National Title Insurance Company, Ticor Title Insurance Company, Ticor Title Insurance Company of Florida, Chicago Title Insurance Company, National Title Insurance of New York, Inc., Security Union Title Insurance Company, The First American Corporation, First American Title Insurance Company, United General Title Insurance Company, Landamerica Financial Group, In., Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Transnation Title Insurance Company, Stewart Title Guaranty Company, Stewart Title Insurance Company | N.D. Cal. | 3:08-cv-01341 | Magistrate Judge Elizabeth D. Laporte |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiff: Lisa Gentilcore<br><br>Defendants: Fidelity National Financial, Inc., Fidelity National Title Insurance Company, Ticor Title Insurance Company, Ticor Title Insurance Company of Florida, Chicago Title Insurance Company, National Title Insurance of New York, Inc., Security Union Title Insurance Company, The First American Corporation, First American Title Insurance Company, United General Title Insurance Company, Landamerica Financial Group, In., Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Transnation Title Insurance Company, Stewart Title Guaranty Company, Stewart Title Insurance Company | N.D. Cal. | 3:08-cv-01374 | Judge Maxine M. Chesney |
| Plaintiff: Lucien Gougeon<br><br>Defendants: Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Finance, Inc., Fidelity National Title Insurance Company, First American Title Insurance Company, LandAmerica Financial Group, Inc., Lawyers Title Insurance Corporation, Stewart Information Services, Stewart Title Insurance Company, The First American Corporation, Ticor Title Insurance Company, United General Title Insurance Company | D. Mass | 1:08-cv-10402 | Magistrate Judge Leo T. Sorokin |

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re  TITLE INSURANCE RESPA and | : | MDL Docket No. _____ |
| ANTITRUST LITIGATION | : | |
|  | : | |

## CERTIFICATE OF SERVICE

I, Peter St. Phillip, hereby certify that the following documents:

1.    Motion of Plaintiffs for Transfer of Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings

2.    Memorandum of Law  in Support of Plaintiffs' Motion for Transfer of Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 For Coordinated or Consolidated Pretrial Proceedings

have been sent via first class mail to the following:

Lee Squitieri, Esq.
SQUITIERI & FEARON, LLP
32 East 57th Street - 12th Floor
New York, NY 10022

Kenneth A. Wexler, Esq.
Edward A. Wallace, Esq.
Amber M. Nesbitt, Esq.
WEXLER TORISEVA WALLACE LLP
55 W. Monroe Street - Suite 3300
Chicago, IL 60603

*Counsel for Plaintiff Peter Miley*

Robert A. Skirnick, Esq.
Maria Skirnick, Esq.
MEREDITH COHEN GREENFOGEL & SKIRNICK
One Liberty Plaza - 35th Floor
New York, NY 10006

2123 / AFF / 00087602.WPD v1

Joel C. Meredith, Esq.
Steven J. Greenfogel, Esq.
Daniel B. Allanoff, Esq.
Bruce K. Cohen, Esq.
MEREDITH COHEN GREENFOGEL & SKIRNICK
1521 Locust Street - 8th Floor
Philadelphia, PA 19102

*Counsel for Plaintiffs Sean L. Suarez, Valerio Gonzalez, Maria Elena Ochoa, Lenny Gonzalez, Rigoberto Capellan, Barbara Holt, Dawn T. Sorenson, Lisa Gentilcore*

Steve W. Berman, Esq.
Anthony D. Shapiro, Esq.
Thomas E. Loeser, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue - Suite 2900
Seattle, WA 98101

*Counsel for Plaintiffs Sean L. Suarez, Valerio Gonzalez, Maria Elena Ochoa, Lenny Gonzalez, Barbara Holt, Timothy Lubic, Dawn T. Sorenson, Lisa Gentilcore, Lynn Barton*

Joseph DePalma, Esq.
LITE DE PALMA GREENBERG & RIVAS, LLC
Two Gateway Center - 12th Floor
Newark, NJ 07102-5003

*Counsel for Plaintiff Sean L. Suarez*

Antonio Vozzolo, Esq.
Nadeem Faruqi, Esq.
FARUQI & FARUQI, LLP
369 Lexington Ave. - 10th Floor
New York, NY 10017

*Counsel for Plaintiff Michael Martinucci*

Christopher J. Gray, Esq.
LAW OFFICE OF CHRISTOPHER J. GRAY, P.C.
460 Park Avenue - 21st Floor
New York, NY 10022

Leslie Scot Wybiral, Esq.
Louis F. Burke, Esq.
LOUIS F. BURKE P.C.
460 Park Avenue - 21st Floor
New York, NY 10022

*Counsel for Plaintiff Leyden Rosa Rovelo*

Joseph S. Tusa, Esq.
Paul C. Whalen, Esq.
WHALEN & TUSA, P.C.
33 West 19th Street - 4th Floor
New York, NY 10011

*Counsel for Plaintiff Vincent Trulli, Jr.*

David B. Krauss, Esq.
KRAUSS LAW FIRM
111 John Street - Suite 800
New York, NY 10038

Eugene A. Spector, Esq.
William G. Caldes, Esq.
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street - Suite 2500
Philadelphia, PA 19103

*Counsel for Plaintiffs Douglas Brown and Rebecca Brown*

Gregory K. Arenson, Esq.
Robert N. Kaplan, Esq.
Jason Zweig
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue - 22nd Floor
New York, NY 10022

*Counsel for Plaintiff Lawrence Fisher, Marc Waterman*

Jonathan K. Levine, Esq.
Daniel C. Girard, Esq.
Elizabeth C. Pritzker, Esq.
GIRARD GIBBS LLP
601 California Street. 14th Floor
San Francisco, CA 94108

*Counsel for Plaintiff Lawrence Fisher*

Gordon Schnell, Esq.
Jean Kim, Esq.
Gerard J. Britton, Esq.
CONSTANTINE CANNON LLP
450 Lexington Avenue - 17th Floor
New York, NY 10017

Jeffrey F. Keller, Esq.
Denise Diaz, Esq.
Kathleen R. Scanlan, Esq.
KELLER GROVER LLP
425 Second Avenue - Suite 500
San Francisco, CA 94107

*Counsel for Plaintiffs Brendan Dolan, Brian McHale, Jonathan Rapaport, Thomas Perry*

Harry I. Rothenberg, Esq.
THE LAW FIRM OF ALLEN L. ROTHENBERG
450 Seventh Ave., 11th Floor
New York, NY 10123

Marvin A. Miller, Esq.
MILLER LAW LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603

*Counsel for Plaintiff Marshall Cook*

Roger J. Bernstein, Esq.
Jeffrey Steven Feinberg, Esq.
BERNSTEIN NACKMAN & FEINBERG LLP
233 Broadway - Suite 2701
New York, NY 10279

Natalie Finkelman, Esq.
SHEPARD FINKELMAN MILLER & SHAH, LLC
35 E. State Street
Media, PA 19063

Jayne A. Goldstein, Esq.
MAGER & GOLDSTEIN LLP
1640 Town Center Circle, Suite 216
Weston, FL 33326

*Counsel for Plaintiff Tuttnauer USA Co., Ltd.*

J. Douglas Richards, Esq.
Michael M. Buchman, Esq.
POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP
100 Park Avenue - 26th Floor
New York, NY 10017

*Counsel for Plaintiff Alex Wintner*

Hollis L. Salzman, Esq.
Morissa Robin Falk, Esq.
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

*Counsel for Plaintiff MBSF Alabama LLC*

Alice McInerney, Esq.
Daniel Hume, Esq.
David A. Bishop, Esq.
David E. Kovel, Esq.
KIRBY MCINERNEY LLP
830 Third Avenue
New York, NY 10022

*Counsel for Plaintiffs Joseph Ragusa and Kristen Ragusa*

2123 / AFF / 00087602.WPD v1

Vincent Esades, Esq.
Barbara Felt, Esq.
HEINS MILLS & OLSON P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403

*Counsel for Plaintiffs Barbara Holt, Dawn T. Sorenson, Lisa Gentilcore*

Anthony J. Bolognese, Esq.
Joshua H. Grabar, Esq.
BOLOGNESE & ASSOCIATES, LLC
Two Penn Center
1500 JFK Blvd., Suite 320
Philadelphia, PA 19102

Ira N. Richards, Esq.
TRUJILLO RODRIGUEZ & RICHARDS LLC
1717 Arch Street, Suite 3838
Philadelphia, PA 19103

*Counsel for Plaintiff Marc Waterman*

Kenneth G. Gilman, Esq.
Daniel D'Angelo, Esq.
GILMAN AND PASTOR, LLP
225 Franklin Street - 16th Floor
Boston, MA 02110

Peter A. Lagorio, Esq.
LAW OFFICE OF PETER A. LAGORIO
63 Atlantic Avenue
Boston, MA 02110

*Counsel for Plaintiff Lucien Gougeon*

Timothy J. Warzecha, Esq.
LAW OFFICES OF TIMOTHY J. WARZECHA
719 Second Avenue - Suite 104
Seattle, WA 98104

*Counsel for Plaintiffs Timothy Lubic, Dawn T. Sorenson*

2123 / AFF / 00087602.WPD v1

Douglas A. Millen, Esq.
William London, Esq.
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road - Suite 130
Bannockburn, IL 60015

*Counsel for Plaintiffs Dawn T. Sorenson, Lisa Gentilcore*

Reed R. Kathrein, Esq.
Jeff D. Friedman, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

*Counsel for Plaintiff Lisa Gentilcore, Lynn Barton*

Barry R. Ostrager, Esq.
Kevin J. Arquit, Esq.
Patrick T. Schilling, Esq.
SIMPSON THACHER & BARTLETT
425 Lexington Ave.
New York NY 10017

*Counsel for Defendants Fidelity National Title Insurance Company, Chicago Title Insurance
Company, Ticor Title Insurance Company, Fideltiy National Finance, Inc.*

James I. Serota, Esq.
Kenneth A. Lapatine, Esq.
Stephen L. Saxl, Esq.
GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166

*Counsel for Defendants First American Title Insurance Company of New York, United General
Title Insurance Company, First American Corporation*

David P. Langlois, Esq.
SUTHERLAND, ASBILL & BRENNAN LLP
1114 Avenue of the Americas - 40th Floor
New York, NY 10036

*Counsel for Defendants Commonwealth Land Title Insurance Company, Lawyers Title Insurance
Corporation, Landamerica Financial Group, Inc.*

2123 / AFF / 00087602.WPD v1

Mark A. Robertson, Esq.
FULBRIGHT & JAWORSKI, LLP
666 Fifth Avenue
New York, NY 10103

*Counsel for Defendants Stewart Title Guaranty Company, Stewart Title Insurance Company,
Monroe Title Insurance Corporation, Stewart Information Services Corporation*

John A. Herfort, Esq.
Daniel J. Chirlin, Esq.
James L. Hallowell, Esq.
Oliver M. Olanoff, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue - 48th Floor
New York, NY 10166

*Counsel for Defendant Title Insurance Rate Service Association, Inc.*

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Clerk of the Court
United States District Court
District of Massachusetts
John Joseph Moakley
U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Office of the Clerk of Court
United States District Court
Eastern District of Pennsylvania
2609 James A. Byrne
United States Courthouse
601 Market Street
Philadelphia, PA 19106-1797

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton United States Courthouse
450 Golden Gate Ave.- 16th Floor
San Francisco, CA 94102

Dated: March 17, 2008
      White Plains, New York

_____
        Peter St. Phillip

2123 / AFF / 00087602.WPD v1