UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 09, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TITLE INSURANCE REAL ESTATE
SETTLEMENT PROCEDURES ACT (RESPA)
& ANTITRUST LITIGATION

MDL No. 1951

## ORDER DENYING TRANSFER

**Before the entire Panel**: Plaintiffs in three Southern District of New York actions move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the 25 actions listed on Schedule A in the Southern District of New York.[1] The plaintiffs' motion encompasses ten actions in the Eastern District of New York; eight actions in the Southern District of New York; two actions, respectively, in the Northern District of California, Eastern District of Pennsylvania, and Western District of Washington; and one action in the District of Massachusetts. Plaintiffs in three other Southern District of New York actions support the motion. With only two exceptions, all defendants named in these actions[2] and three defendants named in related actions[3] support the motion as well. Plaintiffs in the District of Massachusetts action and three Middle District of Florida

---

[1]  The parties have notified the Panel of 43 additional actions related to this litigation and pending in various federal districts.

[2]  American Guaranty Title Insurance Co.; Censtar Title Insurance Co.; Chicago Title & Trust Co.; Chicago Title Insurance Co.; Commonwealth Land Title Insurance Co.; Commonwealth Land Title Insurance Co. of New Jersey; Fidelity National Financial, Inc.; Fidelity National Title Group, Inc.; Fidelity National Title Insurance Co.; First American Corp.; First American Title Insurance Co.; First American Title Insurance Co. of New York; LandAmerica Financial Group, Inc.; Lawyers Title Insurance Corp.; Monroe Title Insurance Corp.; National Land Title Insurance Co.; Old Republic International Corp.; Old Republic National Title Insurance Co.; Pacific Northwest Title Insurance Co., Inc.; Security Union Title Insurance Co.; Stewart Information Services Corp.; Stewart Title Guaranty Co.; Stewart Title Insurance Co.; T.A. Title Insurance Co.; Ticor Title Insurance Co.; Ticor Title Insurance Co. of Florida; Title Insurance Rating Service Association, Inc.; Transnation Title Insurance Co.; and United General Title Insurance Co. Defendants National Title Insurance of New York, Inc., and Title Insurance Rating Bureau of Pennsylvania did not respond to the motion.

[3]  Responding defendants named in related actions are Ohio Bar Title Insurance Co.; Port Lawrence Title & Trust Co.; and Public Title Insurance Co.

-2-

related actions initially responded in support of centralization but suggested the Middle District of Florida as the transferee district; however, at oral argument these plaintiffs appeared to oppose centralization and to support centralization in the Middle District of Florida only in the alternative.

Plaintiffs in the sixteen actions pending in Northern District of California, Eastern District of New York, Eastern District of Pennsylvania and Western District of Washington along with plaintiffs in at least twenty related actions pending in the District of New Jersey, Eastern District of New York, Northern District of Ohio, Eastern District of Pennsylvania and Eastern District of Texas oppose the motion.[4]  In the event the Panel orders centralization over their objections, plaintiffs in the Northern District of Ohio related actions suggest centralization in the Northern District of Ohio.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation.  These actions, involving antitrust claims pertaining to the title insurance industry, encompass different regulatory regimes in the states in which actions are pending along with variances in insurance regulation and law in each state.  The proponents of centralization have not convinced us that any common questions of fact among these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time.  The parties can avail themselves of alternatives to transfer, which may include seeking consolidation of actions pending in multiple districts within the same state, to minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings.  *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen         J. Frederick Motz
Robert L. Miller, Jr.     Kathryn H. Vratil
David R. Hansen          Anthony J. Scirica

---

[4]  Plaintiffs in the Eastern District of Texas related action oppose the motion to the extent it encompasses consolidated, as opposed to merely coordinated, pretrial proceedings.

IN RE: TITLE INSURANCE REAL ESTATE
SETTLEMENT PROCEDURES ACT (RESPA)
& ANTITRUST LITIGATION                                    MDL No. 1951

## SCHEDULE A

<u>Northern District of California</u>

Lynn Barton v. Fidelity National Financial, Inc., et al., C.A. No. 3:08-1341
Lisa Gentilcore v. Fidelity National Financial, Inc., et al., C.A. No. 3:08-1374

<u>District of Massachusetts</u>

Lucien Gougeon v. Chicago Title Insurance Co., et al., C.A. No. 1:08-10402

<u>Eastern District of New York</u>

Brendan Dolan, et al. v. Fidelity National Title Insurance Co., et al., C.A. No. 2:08-466
MBSF Alabama LLC v. Fidelity National Title Insurance Co., et al., C.A. No. 2:08-528
Joseph Ragusa, et al. v. Fidelity National Title Insurance Co., et al., C.A. No. 2:08-640
Marshall Cook v. Fidelity National Title Insurance Co., et al., C.A. No. 2:08-731
Douglas Brown, et al. v. Fidelity National Title Insurance Co., et al., C.A. No. 2:08-744
Alex Wintner v. Chicago Title Insurance Co., et al., C.A. No. 2:08-764
Tuttnauer USA Co., Ltd. v. Fidelity National Title Insurance Co., et al., C.A. No. 2:08-817
Lawrence Fisher v. Title Insurance Rate Service Association, Inc., et al., C.A. No. 2:08-1004
Rigoberto Capellan v. Fidelity National Title Insurance Co., et al., C.A. No. 2:08-1029
Valerio Gonzalez, et al. v. Fidelity National Title Insurance Co., et al., C.A. No. 2:08-1030

<u>Southern District of New York</u>

Michael Martinucci v. Fidelity National Title Insurance Co., et al., C.A. No. 1:08-1644
Gerry Galiano v. Fidelity National Title Insurance Co., et al., C.A. No. 7:08-1317
Gary Kromer, et al. v. Fidelity National Title Insurance Co., et al., C.A. No. 7:08-1494
Peter Miley v. Fidelity National Title Insurance Co., et al., C.A. No. 7:08-1547
Susan M. Marotta v. Fidelity National Title Insurance Co., et al., C.A. No. 7:08-1597
Vincent Trulli, Jr. v. Fidelity National Title Insurance Co., et al., C.A. No. 7:08-1729
Leyden Rosa Rovelo v. Fidelity National Title Insurance Co., et al., C.A. No. 7:08-1830
Sean L. Suarez v. Fidelity National Title Insurance Co., et al., C.A. No. 7:08-1955

<u>Eastern District of Pennsylvania</u>

Barbara B. Holt v. Fidelity National Title Insurance Co., et al., C.A. No. 2:08-1202
Marc Waterman v. Fidelity National Title Insurance Co., et al., C.A. No. 2:08-1263

- A2 -

<u>Western District of Washington</u>

Timothy Lubic v. Fidelity National Financial, Inc., et al., C.A. No. 2:08-401
Dawn T. Sorensen v. Fidelity National Financial, Inc., et al., C.A. No. 2:08-412